

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
ATTORNEY GENERAL

January 31, 1958

Honorable Coke R. Stevenson, Jr.,
Administrator,
Texas Liquor Control Board,
Austin, Texas

Opinion No. WW-354.

Re: Under Article 667-23¼(d),
Penal Code of Texas, what
is meant by the term "any
installation of the Nation-
al Military Establishment"?
And related questions.

Dear Mr. Stevenson:

You have requested our opinion on the following
questions involving an interpretation of Section 23¼(d) of
Article 667, Vernon's Penal Code. We quote these questions
as follows:

"(1) What is meant by the term 'any
installation of the National Military
Establishment'?

"(2) Would the term 'military personnel'
as used in this section include retired per-
sonnel of the Armed Forces, the dependents of
active and retired personnel of the Armed Forces,
and Federal Governmental civilian employees?

"(3) May a Manufacturer or Distributor sell
and deliver beer to a military establishment in
a wet area wherein police jurisdiction has not
been ceded by the State of Texas to the Federal
Government? In the event your answer to this
question is in the affirmative, would the Board
then be authorized to grant a refund of State
beer taxes on beer sold and delivered to the
said military establishments?

"(4) May a Manufacturer or Distributor sell
and deliver beer to a military establishment in
a dry area wherein police jurisdiction has not
been ceded by the State to the Federal Government?

In the event your answer to this question is in the affirmative, would the Board then be authorized to grant a refund of State beer taxes on beer sold and delivered to said military establishments?

"(5) Where police jurisdiction has been ceded by the State to the Federal Government for a military establishment, and the Federal Government subsequently leases such land to a civilian contractor for the purpose of building a housing development, community center or training personnel of the Armed Forces, would the State then be authorized to grant a refund of State beer taxes on beer sold to said military establishments and military personnel residing therein?"

Paragraphs (a) through (d) of Section 23½, Article 667, Vernon's Penal Code, reads as follows:

"(a). The tax levied in Section 23 of Article II of the Texas Liquor Control Act is levied only on its first sale in Texas or only on its importation into Texas, whichever shall first occur.

"(b). On beer imported into this State the duty of paying the tax shall rest primarily upon the Importer, and said tax shall become due and payable on the fifteenth day of the month following that month in which said beer was imported into this State.

"(c). On beer manufactured in this State the duty of paying the tax shall rest primarily upon the Manufacturer, and said tax shall become due and payable on the fifteenth day of the month following that month in which the first sale of said beer was made in this State.

"(d). It is not intended that the tax levied in Section 23 of Article II of the Texas Liquor Control Act shall be collected on beer shipped out of this State for consumption outside this State, or sold aboard ships for ship's supplies, or on beer shipped to any installation of the National Military Establishment, wherein the State of Texas has ceded police jurisdiction,

for consumption by military personnel within
said installation, and the Board shall provide
forms on which Distributors and Manufacturers
may claim and obtain exemption from the tax on
such beer. If any Distributor or Manufacturer
has paid the tax on any beer and thereafter said
beer is shipped out of this State, for consump-
tion outside this State, or sold aboard ships
for ship's supplies, or is shipped into any
installation of the National Military Establish-
ment as referred to above, for consumption by
military personnel therein, a claim for refund
may be made at the time and in the manner pre-
scribed by the Board or Administrator. So much
of any funds derived hereunder as may be neces-
sary, not to exceed two per cent (2%) thereof,
is hereby appropriated for such purpose. The
Board may promulgate rules and regulations
generally for the enforcement of this provision."

Your first question calls for the definition and explan-
ation of a term which has not been specifically defined by
the courts. The word "installation" as used in the above
quoted statute in our opinion is used in the sense of an armory,
airfield, fort, camp, base, post, range or reservation used by
the United States Government for purposes of training members
of the United States Armed Forces, maintaining the equipment
or supplying the needs of such members, developing and testing
weapons and equipment, or basing military units in connection
with the defense of the United States. This definition would
apply to all United States Armed Forces, whether Army, Navy,
Marines or Air Force, and the question of whether police juris-
diction over the area in question has been ceded to the Federal
Government is not material. Since the Texas National Guard, as
presently constituted, is but an arm of the State government
under its Adjutant General, this term would not include National
Guard establishments. If, however, through action of Federal
authority the Texas National Guard were to be "called up" and
made a part of the National Military Force in conformity with
Federal and State law governing such establishments, then their
establishments could qualify as "an installation of the National
Military Establishment" under this section.

Your second question involves a term likewise previously
undefined. It is our opinion that the term "military personnel"
includes all members of the Armed Forces of the United States
on active duty, as well as personnel retired from active duty

therein.  It is also our opinion that dependents of such personnel and civilian employees of the military installations, above defined, constitute "military personnel" within the meaning of the term as used in this statute.  Texas National Guardsmen and reservists in the United States Armed Forces not on active duty are not "military personnel" within the contemplation of this term, but reservists may become such when called to active duty for training purposes.

The answers to your last three questions involve the law applicable to cession of police jurisdiction by the State to the Federal Government in the case of military installations. In order that our answers may be fully understood, we will discuss the law of cession of jurisdiction, together with a short summary of the State's right to tax sales and issue permits on such installations.  The Federal Government acquires exclusive jurisdiction over military "installations" in two manners: (1) It may purchase or condemn the area involved with the permission of the State wherein the area is located.  Under the terms of the Federal Constitution the Federal Government then acquires the right to exclusive jurisdiction over the area. (2) The Federal Government may purchase or condemn property within a state for a valid governmental purpose and then acquire exclusive jurisdiction over the area through an act of cession of such jurisdiction by the state.  In making such act of cession the state may make such reservations as it deems proper, usually for purposes of taxation and service of process.  If the Federal Government fails to acquire jurisdiction in one of the above two manners, its jurisdiction over the enclave is still exclusive to the extent that the state cannot enforce its laws therein so as to interfere with the valid governmental purposes for which the property was acquired.  In other words, state laws still apply in the area insofar as they are not inconsistent with the performance of the purpose for which the property was purchased. 91 C.J.S. United States, § 7, p. 14, et seq.

We think it apparent that the provisions of the Texas Liquor Control Act requiring permits or licenses from all persons who deal with alcoholic beverages are regulatory, and that the permit fees which are imposed are regulatory fees as opposed to revenue collections.  Therefore, in those cases where the State of Texas has ceded police jurisdiction to the United States, the Texas Liquor Control Board is without power to issue or require the purchase of permits or licenses, since such permits or licenses are imposed under the State's police power to control the alcoholic beverage business.  Collins v. Yosemite Park & Curry Co., 304 U.S. 518; Attorney General's Opinion O-3216 (1941).

On the other hand, it is equally apparent that the gallonage taxes imposed upon the first sale of liquor and beer by the Texas Liquor Control Act are sales taxes and revenue measures. Sec. 23, Art. 667, Sec. 21, Art. 667, V.P.C. Under the Buck Amendment, 61 Stat. 641, 4 U.S.C.A. § 104, the State of Texas may impose sales or use taxes on sales or uses occurring within any Federal area, regardless of the fact that the State has ceded exclusive jurisdiction over the area to the Federal Government. Since the gallonage tax of the Texas Liquor Control Act is a sales tax imposed upon the first sale, Sec. 21, Art. 666; Sec. 23$\frac{1}{4}$(a), Art. 667, V.P.C., the question of cession of jurisdiction to the Federal Government is immaterial. 61 Stat. 641, 4 U.S.C.A. § 104.

In summary, the Texas Liquor Control Board may issue and require the purchase of licenses and permits under the Texas Liquor Control Act only in those Federal areas where police jurisdiction has not been ceded by the State of Texas to the Federal Government, but it may impose and collect the sales or gallonage tax on alcoholic beverages sold in any Federal area regardless of the question of cession of jurisdiction.

In answer to your third question, under the terms of Section 3 of Article 667, Vernon's Penal Code, manufacturers and distributors are authorized to sell to various licensed persons, including retailers and ultimate consumers. We have examined carefully the provisions of the Texas Liquor Control Act and have failed to find any provision which would prevent a manufacturer or distributor from selling beer to an authorized purchaser on a military establishment. Accordingly, it is our opinion that a manufacturer or distributor is authorized to sell beer to a military establishment in a wet area wherein police jurisdiction has not been ceded to the Federal Government by the State of Texas.

Since we have answered the first part of your third question in the affirmative, the question of a tax refund in such situation arises. According to the terms of the Texas Liquor Control Act above quoted, the tax on beer is not to be collected, (or if collected, refund is to be made) where the beer involved is: (1) "shipped to any installation of the National Military Establishment", (2) "wherein the State of Texas has ceded police jurisdiction", and is (3) "for consumption of military personnel within said installation". Sec. 23$\frac{1}{4}$(d), Art. 667, V.P.C. This is an exemption provision and the distributor or manufacturer claiming such exemption must bring himself clearly within the provisions. Attorney General's Opinion O-1774 (1940). Even assuming that requisites (1) and

(3) are true, your question concerns installations where police jurisdiction has not been ceded to the Federal Government. Therefore, it is our opinion that a refund or exemption, as the case may be, cannot be allowed in the situation described in your third question because requisite (2) has not been met.

In answer to your fourth question, Section 4(a) of Article 666, Vernon's Penal Code, prohibits the sale of any type of alcoholic beverage (including beer) in a dry area. This section applies alike to all persons, licensed or not. Therefore, it is our opinion that a manufacturer or distributor may not sell beer to a military establishment in a dry area, where police jurisdiction has not been ceded to the Federal Government by the State of Texas. Because of our answer to the first question, the second part of the fourth question asked is rendered moot.

In answer to your fifth question, we refer again to the provisions of the exemption provision of Section 23½, Article 667, Vernon's Penal Code. The gist of your question is whether areas of Federally owned property, part of or adjoining a military installation, but leased to or operated by civilians, constitute a part of such installation for purposes of a tax refund under Section 23½(d), supra. The Section mentioned contemplates the whole of the military installation involved; that is to say, the installation proper, together with its necessary adjuncts. Therefore, if the area in question is necessarily connected with the operation and purpose of the military installation, and if the consignee of the beer involved is located in this area, then the beer will be shipped to "an installation of the National Military Establishment" and will qualify as to this requirement for the tax refund or exemption.

The question of whether the area to which the beer is to be shipped is necessarily connected with the installation presents an issue to be determined from the facts in each particular case. Facts to be considered are: (1) what persons are served by the area in question, (2) who operates the facilities located in the area, (3) who has access to the area, (4) the general activity in the area, and (5) the terms of any contract or agreement between the Federal Government and the civilian contractor involved.

You have specifically mentioned the cases of housing developments under the Wherry Housing Act, community centers, and bases leased to civilian contractors to train military personnel, principally in flying training. If the housing facility or community center involved is on the military

installation proper, i.e. "within the fence", and is only for the benefit of the military personnel attached to that base, they would still be a part of the military installation, even though leased from the government and operated by private individuals. On the other hand, if such facilities are open to the general public and serve the public generally in addition to military personnel, they may not, under the facts, constitute a part of "an installation of the National Military Establishment", even though situated on land owned by the Federal Government over which police jurisdiction has been ceded by the State of Texas.

The second requirement for an exemption or refund of beer tax is met by your statement that police jurisdiction over the area in question has been ceded to the Federal Government by the State of Texas.

The third requirement for a tax exemption under the above Section 23½(d) is that the beer involved be sold "for consumption by military personnel within said installation". We construe this provision to mean that the beer must be for the purpose of sale to military personnel only, as that term is defined previously, and must be for consumption within the boundaries of the installation proper. We would also point out that possession of untaxed beer outside the military installation by either servicemen or civilians is unlawful. Attorney General's Opinion O-5576(1943). Therefore, when the facts are such that the beer on which a tax exemption is asked, or a refund requested, is not for the purpose of sale to military personnel, or is to be consumed outside the installation, the exemption or refund may not be allowed.

## SUMMARY

An "installation of the National Military Establishment" within the meaning of Art. 667, 23½(d), V.P.C. is any armory, airfield, fort, camp, base, post, range or reservation used by the United States Government in training, maintaining, supplying or basing the Armed Forces of the United States. This term does not include State Military Organizations.

"Military personnel" means members of the Armed Forces of the United States, including active and retired personnel, their dependents, and civilian employees of military installations. National Guardsmen and Reservists not on active duty, as discussed, are not "military personnel".

Manufacturers and distributors under the Texas Liquor Control Act may sell beer to military establishments in wet areas where police jurisdiction has not been ceded by the State. Where police jurisdiction over the area in question has not been ceded, no refund of beer tax may be allowed under Sec. $23\frac{1}{4}$(d), Art. 667, V.P.C.

Manufacturers and distributors under the Texas Liquor Control Act may not legally sell beer to a Military Establishment in a dry area where police jurisdiction has not been ceded to the Federal Government. Sec. 4 (a), Art. 666, V.P.C.

Areas of Federally owned property leased to or operated by civilians may or may not constitute a part of the military installation for purposes of a tax refund under Section $23\frac{1}{4}$(d), Article 667, Vernon's Penal Code, depending on the facts in each case. The beer on which a tax refund or exemption is sought under the above section must be for the purpose of consumption by "military personnel" within the boundaries of the military installation.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _____
John H. Minton, Jr.
Assistant

JHM:pf
APPROVED:
OPPINION COMMITTEE

Geo. P. Blackburn, Chairman
Jack Goodman
J. Mark McLaughlin
Ralph R. Rash
REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert.